UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| STACY TOWNSEND, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12CV00002 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case is a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Stacy Townsend, a person in federal custody.  On August 27, 2010, Townsend plead guilty before this Court to the offense of being a Felon in Possession in a Firearm, and on January 4, 2011, this Court sentenced Townsend to the Bureau of Prisons for a term of 188 months, a sentence within the sentencing guideline range.  Townsend's § 2255 action is fully briefed and ripe for disposition.  USA v. Stacy L. Townsend, Case No. 1:10CR00086 SNLJ.

## FACTS

**A.     The Indictment.**

On May 20, 2010, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a one-count Indictment against Stacy L. Townsend ("Townsend"), alleging that, on May 9, 2010, Townsend possessed a firearm that affected interstate commerce after he was convicted of a felony, in violation of Title 18, U.S.C., §§ 922(g)(1) and 924(e). On June 8, 2010, Townsend was transported to this District pursuant to a writ. Townsend made his initial appearance before the United States Magistrate Judge in Cape Girardeau, Missouri, on the federal charge. After the initial appearance, the Federal Public Defenders Office was appointed

to represent Townsend. On June 9, 2010, Assistant Federal Public Defender Michael A. Skrien ("AFPD Skrien") entered his appearance on Townsend's behalf. Townsend was arraigned on June 9, 2010. At that arraignment, Townsend pled not guilty to the charge.

### B.    Pretrial Motions.

On July 8, 2010, AFPD Skrien filed Townsend's Waiver of Pretrial Motions. On July 16, 2010, Townsend appeared with AFPD Skrien and waived his right to file pretrial motions in his case. The case was set for a jury trial on August 27, 2010.

### C.    Plea Hearing and Agreement.

On August 27, 2010, Townsend appeared with AFPD Skrien to enter a guilty plea to the Indictment. A plea agreement was prepared and signed by the Government's attorney, Townsend and his attorney. This Court examined Townsend as to his understanding of the plea agreement and his knowledge of the facts.

Pursuant to the Plea Agreement, Townsend agreed to plead guilty to the charge of being a Felon in Possession of a Firearm. (Plea Agmt. ¶2A) The parties agreed that Townsend's base offense level would be either 14, 20, 24, 33, or 34, depending on the nature of Townsend's criminal history. (Plea Agmt. ¶ 3(B)(1) The parties did not agree to any other offense levels and agreed that this Court would determine those levels at a later sentencing hearing. (Plea Agmt. ¶ 3(B)(2) and ¶ 3(F)) The parties did agree that Townsend was entitled to a reduction of three levels for full and timely acceptance of responsibility. (Plea Agmt., ¶ 3D) The parties did not agree to Townsend's criminal history category. (Plea Agmt. ¶ 3(G) Townsend agreed to forfeit all items seized during the investigation. (Plea Agmt. ¶ 2F)

Townsend agreed that his maximum possible sentence was life and that his maximum

term of supervised release was five (5) years, both of which are the maximum penalty provisions

for a defendant convicted of being a Felon in Possession of a Firearm and being classified as an

Armed Career Criminal. (Plea Agmt. ¶ 5)

During the plea hearing and in his Plea Agreement, Townsend admitted the facts of his

crime. He admitted that he had been convicted of the following felony offenses:

> (1) On September 10, 1991, in the Circuit Court of Scott County, Missouri, for
> the felony of Distribution of a Controlled Substance;

> (2) On November 2, 1993, in the Circuit Court of Scott County, Missouri, for
> the felony of Second Degree Assault; and

> (3) On August 22, 1994, in the Circuit Court of St. Louis County, Missouri, for
> the felonies of Second Degree Robbery and Second Degree Assault.

Townsend admitted that, on May 9, 2010, a woman made a complaint to the Sikeston

Police Department that Townsend had brandished a handgun in a Sikeston store. The officers

responded and arrested Townsend in car that was leaving the store as the police arrived. A

firearm that affected interstate commerce was discovered in that car.

Townsend also admitted that the police officers obtained a state search warrant and

retrieved the video taken by the store's security system. Townsend admitted that the video

showed Townsend retrieving a handgun from the front of his pants, withdrawing its magazine

clip, and displaying it to the woman. The handgun appeared to be the handgun seized by the

officers from the car. Townsend then admitted that he was in possession of the handgun on May

9, 2010. He admitted that the handgun was manufactured in a state other than Missouri

(California) and that it affected interstate commerce. (Plea Agmt. ¶ 4)

Townsend made all these factual admissions to this Court during his guilty plea.

-3-

A copy of the Plea Agreement was submitted to this Court. Townsend was examined by the District Court as to his understanding of the Plea Agreement and the consequences of his plea. At the conclusion of that hearing, Townsend entered his plea of guilty to the charge of being a Felon in Possession of a Firearm.

**D.     The Presentence Report.**

Following the plea, a Presentence Investigation Report (P.S.R.) was prepared by United States Probation Officer Sherry L. Persinger. The P.S.R. reflected Townsend's base offense level of 34, reflecting Townsend's classification as an Armed Career Criminal and his use of the firearm in connection with a crime of violence. Three levels were subtracted for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). The final offense level was calculated to be 31. (P.S.R. ¶ 26-28)

A Criminal History Category was calculated for Townsend. The P.S.R. reflected that Townsend was convicted of several crimes.

On November 8, 1990, Townsend pled guilty to the felony of Stealing in the Circuit Court of Scott County, Missouri, in Case Number CR590-330FX. This conviction involved Townsend stealing two speakers and a firearm. The imposition of that sentence was suspended and Townsend was placed on probation for five years. On November 2, 1992, Townsend's probation was revoked and he was sentenced to a term of imprisonment of two years. Townsend did not receive any criminal history points for this conviction due to its age. (P.S.R., ¶ 31-34)

On September 10, 1991, Townsend was convicted of the felony of Sale of a Controlled Substance in the Circuit Court of Mississippi County, Missouri, in Case Number CR191-50F. Townsend was sentenced to a term of imprisonment of five years. He received three criminal

-4-

history points for this conviction, which involved the sale of crack cocaine to an undercover police officer. (P.S.R., ¶ 35-38)

On November 2, 1992, Townsend was convicted of the felony of Second Degree Assault in the Circuit Court of Scott County, Missouri, in Case Number CR591-847FX. The offense conduct involved Townsend causing physical injury to another person by means of a dangerous weapon. Townsend was sentenced to a term of imprisonment of two years. He did not receive any criminal history points for this conviction due to its age. (P.S.R., ¶ 39-42)

On October 26, 1994, Townsend was convicted of the felony of Second Degree Robbery in the Circuit Court of St. Louis County, Missouri, in Case Number 2194R-01812-01. The offense conduct for this conviction involved Townsend stealing cash from another person by force. Townsend was sentenced to a term of imprisonment of twelve years. He received three criminal history points for this conviction. (P.S.R., ¶ 43-46)

On October 26, 1994, Townsend was convicted of the felony of Second Degree Assault in the Circuit Court of St. Louis County, Missouri, in Case Number 2194R-02567A-01. Townsend was sentenced to a term of imprisonment of twelve years. The offense conduct involved Townsend causing serious physical injury to another person by striking him about the head and face and choking him. He received three criminal history points for this conviction. (P.S.R., ¶ 47-50)

On May 25, 2006, Townsend was convicted of the felony of Unlawful Use of a Weapon in the Circuit Court of Scott County, Missouri, in Case Number 04CR746640-01. The Information charged that Townsend exhibited a firearm towards a law enforcement officer in an angry or threatening manner. Townsend was sentenced to a term of imprisonment of three years.

He received three criminal history points for this conviction. (P.S.R., ¶ 51-54)

On August 16, 2007, Townsend was convicted of the municipal offense of Petit Larceny in the Municipal Court of Sikeston, Missouri, in Case Number MU5B07000605. Townsend was fined for this violation and received one criminal history point. (P.S.R., ¶ 55-58)

Townsend accumulated a total of thirteen criminal history points. His Criminal History Category was set at VI due to his classification as an Armed Career Criminal who used a firearm in connection with a crime of violence, pursuant to U.S.S.G., § 4B1.4(c)(2). (P.S.R., ¶ 60) Townsend's Guideline range of imprisonment, with a total offense level of 31 and a Criminal History Category of VI was 188 to 235 months. (P.S.R., ¶ 87) AFPD Skrien filed his acceptance to the P.S.R. on December 29, 2010. This acceptance was based on an agreement with the Government and Townsend, in that the Government agreed not to seek a sentence above 188 months and Townsend would not contest any finding of the P.S.R. (Sent. Tr., p. 3)

### E.    The Sentencing Hearing and Appeals.

On January 4, 2011, this Court conducted a sentencing hearing and determined that Townsend's P.S.R. had correctly calculated Townsend's Guideline levels, Criminal History Category and range of punishment. Townsend was then sentenced to a term of imprisonment of 188 months, which was the bottom of the applicable Guideline range, followed by three years of supervised release and a $100 special assessment.

Townsend did not appeal his conviction or sentence.

## APPLICABLE LAW

### A.    NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. §2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id.*, at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995) *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992). A Section 2255 motion may be dismissed without a hearing if (1) the movant's

allegations, accepted as true, would not entitle him to relief, or (2) allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995).

### B.   INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a claim alleging ineffective assistance of counsel, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the movant must first show that the counsel's performance was deficient. 466 U.S. at 687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Secondly, the movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Eighth Circuit has described the two-fold test as follows: (1) counsel's representation fell below an objective standard of reasonableness; and (2) but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different. *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). More recently the Eighth Circuit has described the *Strickland* test as follows: "Whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027, quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064-65. Counsel's challenged conduct is viewed as of the time of his representation. "And we avoid making judgments based on hindsight." *Fields*, 201 F.3d at 1027. A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

The standard to be used in a collateral charge of ineffective assistance of counsel following a guilty plea is governed by *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), which applies the holding of *Strickland* to instances involving guilty pleas. A movant who pleads guilty upon advice from counsel may only contest the voluntary and intelligent character of the plea by establishing that the advice given was not within the range of professional competence required of the attorney in a criminal case. *Lockhart*, 474 U.S. at 56, citing *Tollett v. Henderson*, 411 U.S. at 267.

### C.   WAIVER OF RIGHT TO POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C., § 2255

Negotiated waivers of the right to pursue post-conviction relief have been upheld by the Eighth Circuit in numerous cases. Defendants may waive the right to seek collateral review under § 2255. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly

and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would

not result in a miscarriage of justice. *Id*.

## DISCUSSION

**Ground one.  Errors in the P.S.R.**

**A.        "Erroneous Information."**

Townsend contends that the P.S.R. contained "factual inaccuracies" which erroneously

caused "Defendant to be sentenced as a violent offender." Townsend fails to set out exactly

what information in the P.S.R. was inaccurate. His failure to specify exactly what information in

the P.S.R. was inaccurate, and to set forth reasons why that inaccuracy prejudiced his defense,

should cause this claim to be dismissed without an evidentiary hearing.

**(1)        Townsend waived his right to contest this issue.**

A second basis for dismissing this complaint without reaching its merits is that Townsend

waived his right to bring this type of an issue. Townsend waived his right to bring an action

under § 2255 by the following language in his Plea Agreement:

> (2) **Habeas Corpus**: The defendant acknowledges being guilty of the crime
> to which a plea is being entered, and further states that neither defense counsel
> nor the government has made representations which are not included in this
> document as to the sentence to be imposed. The defendant further agrees to
> waive all rights to contest the conviction or sentence in any post-conviction
> proceeding, including one pursuant to Title 28, United States Code, Section
> 2255, except for claims of prosecutorial misconduct or ineffective assistance
> of counsel.

(Plea Agmt., p. 3)

Townsend's complaint, that his P.S.R. contained factual inaccuracies, is clearly within the

scope of his § 2255 waiver. As stated in his petition, Townsend's allegation does not allege

-10-

ineffective assistance of his counsel or prosecutorial misconduct. Therefore, Townsend has waived his right to bring this particular claim.

### (2)     Townsend failed to allege specific facts to support his claim.

Townsend's failure to allege specific facts in his petition was faced in *United States v. Johnson*, 582 F.2d 1186 (8th Cir. 1978). Johnson filed his § 2255 petition, alleging that his counsel failed to investigate the circumstances of his arrest, the crime itself, and of his hospitalization, and instead relied on the information furnished to him by the prosecution. *Id.*, at 1188. The *Johnson* Court noted Johnson's failure to allege facts to support his claim:

> Such claimed failure must, however, be supported by factual allegations, such as the failure of counsel to interview witnesses, to seek factual information in the possession of the government, or to otherwise explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. (Citation omitted.) In the absence of any such specific allegations, Johnson's claim for relief must be denied.

*Id*.

A similar issue arose in *Parton v. Wyrick*, 614 F.2d 154 (8th Cir. 1980), a federal habeas case arising out of a Missouri conviction of the defendant for rape. Parton filed his habeas petition alleging that his attorney was ineffective for failing to conduct a scientific investigation into certain items of evidence. Parton did not allege exactly how his attorney erred, or what the investigation would reveal or how that lack of investigation caused him to suffer some prejudice in the result. The Eighth Circuit affirmed the denial of Parton's petition, noting that "[w]hen, as in this case, the habeas claim goes to counsel's trial strategy or failure to investigate facts surrounding the crime, the petitioner must allege specific incompetence and prejudice resulting therefrom." *Id.*, at 158.

-11-

Townsend's entire claim on this issue is that "Paragraph 10 of the Presentence Investigation Report (PSIR) contained erroneous information. The erroneous claims led the Court to consider inaccurate information in its sentencing decision, some causing Defendant to be sentenced as a violent offender, and adding to Defendant's punishment." Nowhere does Townsend say what information is erroneous, or why, or how the erroneous information led to a wrong result. His claim of error is merely a conclusion without even one supporting fact. His claim on this issue should fail completely based on Townsend's failure to allege specific facts demonstrating error *and* how those errors led to an incorrect result. Townsend has provided this Court with no facts listing errors in the P.S.R. and no basis to show that the alleged errors resulted in some prejudice to Townsend. This claim shall be denied, without an evidentiary hearing, on this basis alone.

**(3)     The P.S.R. provides sufficient evidence to uphold this Court's finding that Townsend used or possessed the firearm in connection with a crime of violence even without the paragraph that Townsend is now disputing.**

However, even if this Court would assume that Townsend was disputing all of the facts of Paragraph 10, the record shows why Townsend's claim on this issue fails upon a factual basis as well.

Paragraph 10 of the P.S.R. sets out the facts of Townsend's possession of the firearm and his display of that firearm to a woman that he was threatening. That paragraph is significant because it provides a basis for this Court to conclude that Townsend used or possessed the firearm in connection with another felony crime of violence; the crime of Unlawful Use of a Weapon by Exhibiting in an Angry or Threatening Manner in violation of R.S.Mo. §

-12-

571.030.1(4). That paragraph states that Townsend threatened to kill the woman while he was showing her the firearm, showing his intent to carry out the threat. Displaying a firearm in the manner set out in Paragraph 10 is clearly conduct that would be a Missouri felony offense and a crime of violence. This finding is reflected in the enhanced base offense level of 34 for Townsend as an Armed Career Criminal possessing a firearm and who used the firearm to commit a crime of violence. U.S.S.G., § 4B1.4(b)(3)(A). Townsend's base offense level would have been 33 without the finding that he had possessed the firearm in connection with another felony crime of violence.[1]

However, this Court need not be concerned with any dispute of fact regarding Paragraph 10, because another, unobjected to paragraph provides a complete and independent basis for the Court's conclusion that Townsend used or possessed a firearm in connection with a crime of violence. In Paragraph 11, the P.S.R. reflects that Townsend told the driver of his getaway car that he was going to shoot the police officer who was trying to stop Townsend's car. Townsend's statement that he was going to shoot the officer may be used as evidence that he possessed the firearm with the intent to commit the crime of felony assault by shooting at the officer. (Either R.S.Mo. § 565.050 (First Degree Assault) or R.S.Mo. § 565.081(1) (Assault of a Law Enforcement Officer)) Townsend has not complained as to the propriety of Paragraph 11; he only complains about the allegations of Paragraph 10. But Paragraph 11 provides a separate

---

[1]The Criminal History Category for a person classified as an Armed Career Criminal who possessed the firearm in connection with another felony crime of violence is VI. (U.S.S.G., § 4B1.4(c)(2)). However, Townsend's Criminal History Category would have been VI anyway, as he accumulated 13 criminal history points. (P.S.R., ¶ 60) Townsend's classification as an Armed Career Criminal who possessed the firearm in connection with another felony crime of violence did not cause his Criminal History Category to be artificially inflated.

method of finding that Townsend possessed the firearm in connection with another felony crime of violence. Townsend's § 2255 petition does not mention any disagreement with the facts reported in Paragraph 11 of the P.S.R.

U.S.S.G., § 4B1.4(b)(3)(A) provides that a defendant who is classified as an Armed Career Criminal and who possessed the firearm "in connection with" a crime of violence will receive an enhanced base offense level of 34. The term "in connection with" is defined to mean "that a firearm (1) must have some purpose or effect with respect to and (2) must facilitate, or have the potential to facilitating another felony offense; its presence or involvement cannot be the result of accident or coincidence." *United States v. Howard*, 413 F.3d 861, 865 (8th Cir. 2005) (defining the term "in connection with" as used in U.S.S.G., § 2K2.1(b)(5)). The two Guidelines provisions (§ 2K2.1(b)(5) and § 4B1.4(b)(3)(A)) using the phrase "in connection with" are interpreted as having the same meaning. *United States v. Olthoff*, 437 F.3d 729, 732 FN3 (8th Cir. 2006). Therefore, the only question, as related to Paragraph 11 of Townsend's P.S.R., is whether Townsend's possession of the handgun "facilitated or had the potential to facilitate" his stated crime of assaulting the law enforcement officer. Obviously, it did.

And Townsend cannot complain that he didn't actually commit an assault. His stated intention to do so is sufficient for this purpose. The Eighth Circuit upheld the district court's finding that a defendant possessed a firearm in connection with a crime of violence in *United States v. Fredrickson*, 195 F.3d 438 (8th Cir. 1999) in a case where the defendant only threatened to harm others. That district court noted that, during the six years prior to Fredrickson possessing the firearm, he had fired a rifle near his son's head, had inquired whether the son thought he was crazy enough to shoot both the son and his mother, had written numerous intimidating letters

-14-

from prison to his ex-wife and others, had violated a domestic abuse protective order, had stalked

postal employees and had acquired firearms each of three times he was released from prison. *Id.*,

at 440. Another witness testified that the defendant obtained the firearm to shoot people. *Id*.

There were no facts in *Fredrickson* that the defendant actually used the firearm in some manner

to threaten or harm another person. Certainly, there were no facts similar to those present in

Townsend's case, where he threatened to shoot a police officer who was trying to stop the

vehicle he was in, coupled with Townsend's willingness to shoot on a past occasion when

stopped by officers. This Court did not err in finding that Townsend possessed the firearm in

connection with a crime of violence, even if it only used Paragraph 11 as the basis for that

finding.

> **(4)** **Townsend agreed not to contest the factual allegations in the P.S.R.**
> **in exchange for the Government's promise not to seek a sentence above**
> **the bottom of the Guideline range.**

Additionally, Townsend is complaining of errors in the P.S.R. when the lack of

objections to that P.S.R. was based on an agreement with the Government that Townsend would

not object to those facts and the Government would recommend a sentence at the low end of the

applicable Guideline range. Having secured performance of the Government's promise,

Townsend would now seek to undo the detriments of his promise. The sentencing transcript

reflects the parties' bargains on this matter:

Court:        What's the government's recommendation?

Sorrell:      Your Honor, Mr. Skrien and I have had some discussions about
              this case and he has agreed not to pose any objection to the
              presentence report in exchange for our recommendation and his
              recommendation.  I ask for a sentence of 188 months, which is a
              sentence at the bottom of the guideline range.

. . .

Skrien:    He - - he's certainly facing a substantial amount of time and we went through lengthy negotiations with the government about presenting mitigation evidence. When it came down to it, the statutory mandatory minimum is 180 months and, you know, there's a risk in the benefit involved and so we have decided to forego that as the - - Mr. Sorrell stated and agreed upon the low end of the guideline range at 188 months.

But there are - - I just want the Court to know there are several redeeming factors about Mr. Townsend which we won't belabor the Court's time with, but in addition to some disputes as to the factual statements about what's going on behind this offense, however, we are not filing any objections and Mr. Townsend is prepared to proceed with sentencing.

(Sent. Tr., pp. 3, 4)

The statements on the record at the sentencing hearing, in front of Mr. Townsend, reflect the parties' agreement that Mr. Townsend would not object to the factual statements in the P.S.R. in exchange for the Government's recommendation for a sentence at the low end of the Guideline range. The Government has lived up to its part of the bargain.

This Court gave Townsend a chance to speak after both attorneys had addressed the Court. Townsend spoke for three pages of transcript and never once mentioned any factual dispute with the P.S.R. or any disagreement with his bargain with the Government. When this Court imposed its sentence of 188 months, it stated its agreement with Townsend's bargain with the Government, ". . . so I'm willing to follow this recommendation that your lawyer and the government and you yourself have entered into." (Sent. Tr., p. 7) This Court recognized that Townsend himself agreed to the bargain to abandon any factual objections to the P.S.R. in exchange for a bottom of the Guidelines' range sentence.

-16-

Townsend should be required to fulfill his part of the sentencing bargain. There was no error on the part of this Court in permitting Townsend to bargain for a lesser sentence by giving up his right to contest the factual allegations in the P.S.R.

**B.    Townsend's Prior Conviction Based on His "Alford" Guilty Plea is a Proper Basis for the Addition of Offense Levels.**

Townsend asserts that his offense levels were improperly raised for a prior conviction based on his guilty plea by an "Alford" plea. Townsend's complaint is somewhat nonsensical, in that he asserts that "under paragraph 51 of the PSIR, three points were added to Defendant's Offense Level Calculation for a conviction resulting in an Alford plea which cannot be used to enhance the Defendant. (Petition, p. 13) Townsend appears to confuse criminal history points with base offense levels. It is true that the PSIR reflects the addition of three *criminal history points* at Paragraph 51 of the P.S.R. Those points are not additions to his offense level totals. Townsend's ultimate offense levels were calculated based on his classification as an Armed Career Criminal who possessed the firearm in connection with another felony crime of violence. Each conviction did not count for separate enhancements for Townsend's offense levels. Once he had three felonies that qualified him to be classified as an Armed Career Criminal, his offense levels were set. No matter how many additional convictions that Townsend could have accumulated, he would not have received any further offense levels after being classified as an Armed Career Criminal. Townsend's contention that this one conviction for Unlawful Use of a Weapon increased his offense levels is simply without merit.

Under Title 18, U.S.C., § 924(e) and U.S.S.G., ¶ 4B1.4, the defendant need only have a combination of three prior violent felony convictions and/or serious drug offenses. Townsend

has five qualifying felonies, including the Sale of a Controlled Substance (P.S.R., ¶ 35), Assault Second Degree (P.S.R., ¶ 39), Second Degree Robbery (P.S.R., ¶ 43), Assault Second Degree (P.S.R., ¶ 47), and Unlawful Use of a Weapon (P.S.R., ¶ 51). The easiest way to dispose of Townsend's argument is to point out that even if he were successful and convinced this Court to find that his Unlawful Use of a Weapon conviction were not a crime of violence, he still would have four qualifying felonies and would still be classified as an Armed Career Criminal.

As to the merits of Townsend's claim, that his conviction by way of an "Alford" plea should cause the conviction not to count as a violent felony, Townsend is mistaken. Townsend does not city any authority for his position. This Court assumes that Townsend is contending that the conviction would not count because Townsend did not admit the facts of his guilt in an "Alford" plea. This Circuit has considered this issue before and has ruled contrary to the position taken by Townsend. *See United States v. Salean*, 583 F.3d 1059, 1061 FN3 (8th Cir. 2009) ("Because an Alford plea, like other guilty pleas, results in a conviction, Alford pleas are indistinguishable from other guilty pleas for purposes of § 924(e)(2)(B)."); *United States v. Vinton*, 631 F.3d 476, 486 (8th Cir. 2011) ("Vinton's position is unavailing, because the increase in base offense level depends on a *conviction* for a crime of violence, not an express admission of guilt."); *United States v. Linngren*, 652 F.3d 868, 872 FN5 (8th Cir. 2011).

Townsend's assertion, that his conviction by an "Alford" plea somehow should affect his classification as an Armed Career Criminal, is incorrect on two counts. First, the conviction counts even though it was acquired by an "Alford" plea; and second, Townsend had more than three qualifying convictions for his Armed Career Criminal status, even if this contested conviction were eliminated.

Finally, this issue was waived by Townsend's Plea Agreement waiver of his right to file this petition, since Townsend does not state that this issue arose from ineffective assistance of counsel or prosecutorial misconduct.

### C.     Repeated References to Convictions.

Townsend complains that his previous convictions were restated in paragraphs 34, 38 and 42 of the P.S.R., "causing the appearance of more offenses than actually occurred." Townsend further claims that the errors, in combination, "artificially inflated Defendant's punishment to a sentencing guidelines range of 188-235 months, when it should have been 57 - 71 months, a significant difference." (Townsend's petition, p. 13)

In fact, it was Townsend's combination of convictions that led to his sentencing range, not how often they were reported in the P.S.R. Also, Townsend's assertion that the P.S.R. contained repetitive convictions is simply incorrect. The paragraphs referenced by Townsend were listings of his conduct violations while he was in prison on each conviction. These violations did not cause Townsend's offense levels to increase at all. Townsend was properly classified as an Armed Career Criminal with three prior violent felonies and/or serious drug offenses and that, combined with his possession of the firearm in connection with a felony crime of violence, set his sentencing range at 188 - 235 months.

This issue is covered by Townsend's waiver of his right to file a § 2255 petition, as it is not based on his attorney's effectiveness or prosecutorial misconduct.

**Ground two.**          **Whether Some of Townsend's Felony Convictions Were Too Old to be Used as Armed Career Criminal Predicate Convictions.**

Townsend contends that his 1990 felony conviction for the Sale of a Controlled

Substance (P.S.R., ¶ 35), his 1991 felony conviction for Assault Second Degree (P.S.R., ¶ 39) and his 1994 felony conviction for Second Degree Robbery (P.S.R., ¶ 43) are too old to be countable as predicate convictions for Armed Career Criminal predicate convictions. Townsend's contentions are without merit and Townsend waived his right to file a § 2255 petition to complain about this issue. Townsend does not set forth any statute, Guideline provision or statute to support his argument.

It appears that Townsend has confused the application of the Guidelines rules for the calculation of his criminal history category with the rules for what felonies qualify for Armed Career Criminal predicate convictions. U.S.S.G., § 4A1.1 provides the rules for determining how many criminal history points the defendant acquires for each prior conviction, depending on the type and age of that conviction. The Application Notes to U.S.S.G., § 4A1.1 provide that:

> A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen year period.

This same rule is incorporated into the provisions of U.S.S.G., § 4A1.2(e)(1), which states:

> **(e)     Applicable Time Period**
>
> (1)     Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also, count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

Basically, this provision means that felony convictions are counted *for criminal history points* if the last day of the defendant's incarceration for the state conviction is within

-20-

fifteen years of the date of the instant federal offense. The above-cited section is contained

within the Guideline section dealing with the calculation of a defendant's Criminal History

Category. It has nothing whatsoever to do with a defendant's classification as an Armed Career

Criminal under Title 18, U.S.C., § 924(e).

Townsend ignores the provisions of Application Note 1 to U.S.S.G., § 4B1.4, which

states:

> It is to be noted that the definitions of "violent felony" and "serious drug
> offense" in 18 U.S.C. § 924(e)(2) are not identical to the definitions of
> "crime of violence" and "controlled substance offense" used in § 4B1.1
> (Career Offender), *nor are the time periods for the counting of prior
> sentences under § 4A1.2 (Definitions and Instructions for Computing
> Criminal History) applicable to the determination of whether a defendant
> is subject to an enhanced sentence under 18 U.S.C. § 924(e).*

(Emphasis furnished)

If Townsend is relying on U.S.S.G., § 4A1.2 for his argument that his prior convictions

were too old to count as Armed Career Criminal predicate convictions, his argument must fail.

The Guidelines provisions make clear that the criminal history calculations have no bearing on a

defendant's status as an Armed Career Criminal.

This Circuit has rejected another defendant's argument that his prior convictions were too

stale to be counted as Armed Career Criminal predicate convictions. In *United States v.

Rodriguez*, 612 F.3d 1049, 1056 (8th Cir. 2010), the defendant argued that some of his

convictions were too old to count as Armed Career Criminal predicates. Some of his prior

convictions were "decades old." The Court rejected Rodriguez's argument, noting that "[§

924(e)] does not contain a time limit for predicate offenses and [prior Courts] have concluded

Congress would have included a time limit had it wanted to do so." *Id*. Other circuits have

come to the same conclusion. *See United States v. Lujan*, 9 F.3d 890, 893 (10th Cir. 1993);

*United States v. Blankenship*, 923 F.2d 1110, 1118 (5th Cir. 1991).

There is no time limit on the age of a prior felony conviction for it to be used as a

predicate conviction for a defendant's status as an Armed Career Criminal. This Court did not

err in finding Townsend to be an Armed Career Criminal.

Furthermore, Townsend waived his right to contest this issue in his Plea Agreement,

since his claim does not involve either ineffectiveness of his counsel or prosecutorial misconduct.

This claim shall be ruled against Townsend without the need for an evidentiary hearing, since it

may be resolved based on a review of the prior pleadings filed with this Court.

**Ground three.          Ineffective Assistance of Counsel.**
**                        Failure to Investigate Factual Inaccuracies in the P.S.R.**

In this issue, Townsend contends that his attorney was ineffective for "failing to object to

factual inaccuracies contained in the Presentence Investigation Report." (Townsend's petition, p.

14) Townsend does not set forth any allegation as to what information in the P.S.R. was

inaccurate, but claims that his attorney could have determined that information by obtaining a

copy of a DVD and watching and listening to it. This issue can be dismissed for Townsend's

failure to specify what facts were inaccurate. Townsend bears the burden of setting forth specific

factual matters in his petition that this Court should consider. His failure to do so results in this

issue being dismissed.

This is exactly the same issue as Townsend raised in Ground One of his Petition, except

that, in this issue, Townsend contends that his attorney was ineffective. This ground would not

be waived by Townsend's Plea Agreement. The Court set out several cases and authorities as to

-22-

why this issue fails in its discussion on Ground One. This Court will not repeat that discussion here and suffice it to say that  (1) Townsend did not set for specific factual allegations to permit this Court to consider his petition, (2) Paragraph 11 of the P.S.R. alleges a completely separate basis for this Court to find that Townsend committed a crime of violence and that Paragraph was not objected to by Townsend, nor was it objected to in his § 2255 petition, and (3) Townsend agreed not to object to the factual findings of the P.S.R. in exchange for the Government's recommendation for a bottom of the Guideline's range sentence.

**Ground four.**           **Failure of Attorney to Object to the Classification of the Handgun As Stolen and For the Use of the Handgun in Connection With Another Crime of Violence.**

In this claim, Townsend again claims that he was improperly sentenced as an Armed Career Criminal and that the firearm mentioned in his case was not stolen. Townsend claims that the sentencing enhancements for the pistol being stolen were improperly applied as the pistol was not stolen.

This issue was waived by Townsend in his Plea Agreement. The allegations in this ground are not related to whether his attorney was ineffective nor does Townsend claim prosecutorial misconduct. All § 2255 claims were waived by Townsend with the exception of claims based on ineffective assistance of counsel and/or prosecutorial misconduct. Since Townsend does not allege either, this ground shall be dismissed without a hearing based on his wavier.

This Court has fully addressed the factual allegations that Townsend possessed the firearm in connection with another felony offense (even if only Paragraph 11 is used for that purpose) and will not re-address the same issue here. That issue may also be dismissed without a

-23-

hearing based on (1) Townsend's failure to allege specific facts, (2) that Townsend bargained away his ability to argue that the firearm was used in another felony offense in return for the Government's promise not to seek a sentence higher than the bottom of the Guidelines range sentence and (3) that the facts set forth in Paragraph 11 of the P.S.R., even if considered alone, allege sufficient facts to allow this Court to find that Townsend committed another crime of violence with the firearm.

As to Townsend's unsupported claim that the firearm in his case was not stolen, the status of the firearm as a stolen firearm is not relevant to Townsend's term of imprisonment. Paragraphs 17 through 28 of the P.S.R. set out the offense level calculations for Townsend. The first set of calculations, Paragraphs 18 through 25, reflect the offense levels of Townsend if he were not classified as an Armed Career Criminal. The adjustment for the handgun being stolen is reported as a two-level increase in offense levels at Paragraph 19. But Townsend was properly classified as an Armed Career Criminal. Therefore, his offense levels were re-calculated, beginning at Paragraph 26, on that basis. The addition at Paragraph 19 did not add any offense levels to the levels that were considered by this Court when it determined Townsend's sentence. Even if Townsend were factually correct and the handgun was not stolen, this change would not affect the final offense level, because Townsend's Guideline range of imprisonment was set based on his classification as an Armed Career Criminal who possessed a firearm in connection with another crime of violence. No other facts were relevant to establish Townsend's final offense level of 31, after giving him three levels off for acceptance of responsibility.

Townsend's allegations in Ground Four were waived by his plea agreement, are without factual merit and shall be denied without an evidentiary hearing.

-24-

**Ground five.**          **Failure to Object to the Use of a Different Guidelines Manual.**

In this issue, Townsend correctly points out that his Plea Agreement recommends that the 2009 Guidelines Manual be applied to his case, but that the 2010 Guidelines Manual was used by the Probation Office in preparing the P.S.R. (Plea Agmt., p. 5, P.S.R., ¶ 17) However, for this purpose, both Guidelines Manuals use the same offense levels for Townsend's offense and enhancements. There is no prejudice to Townsend, no matter which Guidelines Manual was used. Townsend does not allege any prejudice related to the Guideline Manual that was used. Without showing prejudice, Townsend cannot succeed in this claim.

Furthermore, this issue was waived by Townsend in his Plea Agreement since it is not being raised as an issue related to the effectiveness of his counsel or prosecutorial misconduct. This Court shall rule against Townsend on this claim without an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, Townsend's § 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Townsend has not made a substantial showing of the denial of a federal constitutional right.

**SO ORDERED** this 22nd day of March, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE